# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 864 | **DATE** | 10/1/2010 |
| **CASE TITLE** | Callahan et al vs. Aldridge et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' Motion to Strike [35].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On September 2, 2010, Plaintiffs filed a five-count Fourth Amended Complaint against certain Lake County Sheriff's Deputies, the Lake County Sheriff's Office, and Lake County, Illinois alleging violations of their constitutional rights, *see* 42 U.S.C. § 1983, as well as related state law claims. *See* 28 U.S.C. § 1367(a). Before the Court is Defendants' Motion to Strike Paragraphs 22 through 34 of Plaintiff's Fourth Amendment Complaint. For the following reasons, the Court, in its discretion, denies Defendants' motion.

## LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored, *see Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1405-1406 (7th Cir. 1991), and often squander judicial resources. *Cf. Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 728 (7th Cir. 2006) (Easterbrook, J.) (in chambers). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta,* 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F.Supp.2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

In their Fourth Amended Complaint, Plaintiffs allege that on or about January 14, 2010, they were lawfully in their home in Waukegan, Illinois and that Defendant Lake County Sheriff's Deputies Heather Aldridge and Kyle Macko forced their way into Plaintiffs' home. (R. 31, Fourth Am. Compl. ¶¶ 9, 10.) Further, Plaintiffs allege that these officers were targeting the wrong house and did not have a warrant to enter their home. (*Id.* ¶¶ 11, 13.) Thereafter, Defendants Aldridge and Macko searched Plaintiffs' home without Plaintiffs' consent, a search warrant, or exigent circumstances. (*Id*. ¶¶ 12, 15-18.)

Plaintiffs further allege that Defendant Aldridge then pointed her weapon at Plaintiff Le'Andres Callahan without legal cause and threatened him with bodily harm, which caused him to fear imminent peril. (*Id.* ¶ 19.) Plaintiffs also maintain that there was no legal justification for this alleged assault. (*Id*. ¶ 21.) Meanwhile, Defendants called the Lake County Dog Warden to inspect Plaintiffs' home. (*Id*. ¶ 22.) Plaintiffs allege that this was done in retaliation for Plaintiffs not consenting to the Defendants' search of their home. (*Id.*) The Lake County Dog Warden officer then inspected Plaintiffs' home and yard and took photos. (*Id*. ¶ 24.)

Plaintiffs also allege that a few hours after Defendant Aldridge left their home, she returned, and when Plaintiffs refused to allow her to enter their home, Defendant Aldridge told them she was going to call various authorities including the Department of Children and Family Services ("DCFS") to harass them. (*Id.* ¶ 25.) Thereafter, Defendant Aldridge called DCFS. (*Id*. ¶ 26.) Plaintiffs also allege that there was no cause for Defendant Aldridge to call DCFS and that she made this threat in retaliation for Plaintiffs' refusal to allow her to enter and search their home. (*Id.* ¶ 27.)

Furthermore, Plaintiffs allege that Defendants Aldridge and Macko called a Building and Code Enforcement Inspector on January 14, 2010. (*Id*. ¶ 31.) The inspector arrived on January 15, 2010 and Plaintiffs allowed him into their home. (*Id*.) Plaintiffs maintain that Defendants had called the inspector in retaliation for Plaintiffs' refusal to allow them into their home. (*Id*. ¶ 32.)

Moreover, on January 15, 2010, non-Defendant sheriff's deputies came to Plaintiffs' home and peered through their window and on January 16, 2010, these same officers came to Plaintiffs' home with a DCFS representative and another animal warden officer. (*Id*. ¶¶ 28, 29, 33.) The DCFS representative questioned Plaintiffs and all of their five minor children at length and asked Plaintiffs to sign medical releases for their children's medical information. (*Id*. ¶ 34.) The DCFS representative ultimately found nothing wrong with Plaintiffs' treatment of their children. (*Id*.)

In their Fourth Amended Complaint, Plaintiffs allege: (1) an unreasonable search claim in violation of the Fourth Amendment against Defendants Macko and Aldridge; (2) an excessive force claim in violation of the Fourth Amendment against Defendants Macko and Aldridge; (3) a state law assault claim against Defendant Aldridge; (4) a state law trespass claim against all Defendants; and (5) an indemnification claim against Lake County.

## ANALYSIS

In the present motion, Defendants argue that the Court should strike paragraphs 22 through 34 of the Fourth Amended Complaint because these paragraphs do not relate to any pending claims and occurred after the day Defendants Aldridge and Macko were at Plaintiffs' residence. The Court disagrees. These allegations support Plaintiffs' claims because the events that followed Defendants search go to Plaintiffs' damages, namely, that Defendants attempted to harass Plaintiffs by calling DCFS, animal control, and a Building and Code Enforcement Inspector, who then disrupted Plaintiffs' lives. In short, Plaintiffs allege that Defendants Aldridge's and Macko's conduct caused the events that transpired on the days following the January 14, 2010 incident.

Meanwhile, Defendants fail to give a cogent reason why these allegations would be unduly prejudicial. *See E & J Gallo Winery*, 247 F.Supp.2d at 982; *Porter v. IBM, Corp.,* 21 F.Supp.2d 829, 831 (N.D. Ill. 1998).

Accordingly, Defendants have failed to establish that paragraphs 22 through 34 contain any "redundant, immaterial, impertinent, or scandalous matter," *see Delta,* 554 F.3d at 1141, or that these allegations bear no possible relation to the present lawsuit. *See Talbot,* 961 F.2d at 664. The Court thereby denies Defendants' motion to strike.